IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-HC-2182-D

| | |
|---|---|
| TODD GIFFEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WARDEN FMC ROCHESTER, et al., ) | |
| ) | |
| Respondents. ) | |

Todd Giffen ("Giffen" or "petitioner"), proceeding pro se, petitions the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 1]. Giffen has filed several motions to expedite review of the petition, for his release, for a preliminary injunction to stop forcibly medicating him, and for recusal and discovery [D.E. 3–6]. The court conducts its preliminary review. See 28 U.S.C. § 2243. As explained below, the court denies Giffen's motions and dismisses the petition.

I.

The court assumes without deciding that venue is proper in this district. Compare Pet. [D.E. 1] 1, with Long v. Garland, No. CV 4:23-40169, __ F. Supp. 3d __, 2024 WL 2785041, at *2 (D. Mass. 2024); Slupkowski v. U.S. Atty. Gen., No. CIV 09-1048, 2009 WL 1850876, at *2 (D. Minn. June 26, 2009) (unpublished); cf. Nettles v. Jett, No. CV 14-00389, 2016 WL 8732184, at *5 (S.D. Ala. Mar. 11, 2016) (unpublished), report and recommendation adopted, 2016 WL 1369417 (S.D. Ala. Apr. 4, 2016) (unpublished) abrogated on other grounds by Jones v. Hendrix, 599 U.S. 465 (2023).

Giffen is civilly committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246. See United States v. Giffen, 715 F. Supp. 3d 737, 739 (E.D.N.C. 2024); Pet. 1. Giffen argues that deficiencies in the commitment proceedings deprived the court of jurisdiction to conduct the hearing or order his commitment. Giffen alleges his court-appointed attorney "refused to put on my defense" and declined to appeal his commitment. Pet. 3–4; cf. Giffen, 715 F. Supp. 3d at 739. Giffen contends that he was "incompetent to stand trial" and did not receive adequate notice of his rights in connection with his commitment hearing. Id. at 7.

Giffen also challenges 18 U.S.C. § 4246 itself. Giffen argues that the statute "violates equal protection under strict scrutiny review because Congress has chosen to make immune from civil commitment the general public, but . . . civilly commits the convicted and sentenced nearing the end of their sentence, those who[se] charges are dropped due to mental illness reasons, and those who were ruled never able to aid and assist." Pet. 4. Giffen also argues that "SCOTUS has stated all civil commitment is criminal punishment" and accordingly he "was owed a jury trial and beyond reasonable doubt proof under new SCOTUS decisions." Id. at 4, 6.

Finally, Giffen challenges his conditions of confinement, including his placement "in a federal penitentiary" and his lack of access to needed technology for "meaningful access to the courts." Pet. 3–5; see also [D.E. 5]. Giffen alleges that he attempted to file an appeal of his commitment but it "was stole[n] by either Butner FMC staff, or the court, or the postal employees" and that Butner staff interfered with his incoming mail and stole property from his room "including legal papers. Staff had security clearances and were involved in conspiracies against me and had it in for me."[1] Pet. 4. Giffen also challenges decisions to forcibly medicate him because "the

---

[1] Giffen's allegation that he "had a friend mail a second notice of appeal from his home in Salem Oregon in March 2023, which was received and docketed" is false. The court record in Giffen's commitment case demonstrates that Giffen mailed the notice of appeal himself. Compare

2

Case 5:24-hc-02182-D-RJ    Document 7    Filed 11/27/24    Page 2 of 5

federal government does not have any legislative laws authorizing . . . forced medication" and "denied [Giffen] assistance at the hearing of someone trained in the law." Id. at 6–7; see also [D.E. 4].

To the extent Giffen challenges his commitment proceedings or 18 U.S.C. § 4246 itself, to be eligible for habeas corpus relief under section 2241, a civilly committed detainee must first exhaust other available remedies. See Timms v. Johns, 627 F.3d 525, 530–33 (4th Cir. 2010). Giffen has not exhausted available remedies. See Timms, 627 F.3d at 532; Blakney v. Garland, No. 5:24-HC-2067, 2024 WL 1607032, at *1 (E.D.N.C. Apr. 12, 2024) (unpublished), aff'd, No. 24-6377, 2024 WL 4274484 (4th Cir. Sept. 24, 2024) (per curiam) (unpublished); Debenedetto v. Rardin, No. 22-CV-1470, 2022 WL 3647823, at *2 (D. Minn. Aug. 24, 2022) (unpublished), aff'd, No. 22-2873, 2022 WL 18956505 (8th Cir. Sept. 29, 2022) (unpublished); Timms v. U.S. Att'y Gen., No. 5:21-HC-2145, 2022 WL 22377184, at *2 (E.D.N.C. Mar. 11, 2022), aff'd as modified, 93 F.4th 187 (4th Cir. 2024), cert. denied, No. 24-5090, 2024 WL 4427565 (U.S. Oct. 7, 2024). Alternatively, Giffen fails to state a claim. See, e.g., Kansas v. Hendricks, 521 U.S. 346, 366 (1997); United States v. Comstock, 560 U.S. 126, 129–30 (2010); Timms, 93 F.4th at 191; In re Copley, 23 F. App'x 638, 638 (8th Cir. 2002) (per curiam) (unpublished); United States v. Evanoff, 10 F.3d 559, 563 (8th Cir. 1993); United States v. Sahhar, 917 F.2d 1197, 1203–07 (9th Cir. 1990); United States v. White, 348 F. Supp. 3d 571, 580–81 (E.D.N.C. 2018); cf. United States v. Vandivere, 88 F.4th 481, 491 (4th Cir. 2023), cert. denied, No. 23-7418, 2024 WL 4486362 (U.S. Oct. 15, 2024).

---

Pet. 4, with United States v. Giffen, No. 5:22-HC-2006, [D.E. 30, 30-1] (E.D.N.C. Mar. 8, 2023); cf. Giffen, 715 F. Supp. 3d at 740.

As for Giffen's challenges to his conditions of confinement, "assuming, without deciding, that habeas is an appropriate mechanism for [Giffen] to challenge his conditions of confinement, [Giffen] has not alleged facts that the conditions of confinement were imposed with an express intent to punish, as opposed to necessary functions incident to the legitimate nonpunitive government objective of confining individuals who" are committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246. Timms, 93 F.4th at 191 n.8; see Matherly v. Andrews, 859 F.3d 264, 276 (4th Cir. 2017); Dancy v. Gee, 51 F. App'x 906, 907–08 (4th Cir. 2002) (per curiam) (unpublished); Victor B. P. v. Daniels, No. 19-CV-2663, 2021 WL 3476710, at *10 (D. Minn. Apr. 12, 2021) (unpublished), report and recommendation adopted as modified, 2021 WL 2981286 (D. Minn. July 15, 2021) (unpublished); cf. Doe v. Syverud, No. 19-2252, 2022 WL 563243, at *5 (4th Cir. Feb. 24, 2022) (per curiam) (unpublished). Accordingly, the court dismisses Giffen's petition without prejudice and denies as moot Giffen's motions to expedite and requests for an evidentiary hearing and discovery.

II.

Giffen seeks a preliminary injunction allowing him to be released on bail and preventing any further forced medication. See [D.E. 3, 5]. The court has considered Giffen's motion for a preliminary injunction under the governing standard. See, e.g., Benisek v. Lamone, 585 U.S. 155, 158 (2018) (per curiam); Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Centro Tepeyac v. Montgomery Cnty., 722 F.3d 184, 188 (4th Cir. 2013) (en banc). Giffen has not plausibly alleged that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Thus, the court denies the motion.

4

As for Giffen's motion to recuse unspecified "biased" judges based on a "conspiracy with others who have security clearances" [D.E. 6] 1, the court denies the motion as baseless. See, e.g., Liteky v. United States, 510 U.S. 540, 552–55 (1994); Belue v. Leventhal, 640 F.3d 567, 572–73 (4th Cir. 2011); United States v. Cherry, 330 F.3d 658, 665–66 (4th Cir. 2003).

III.

In sum, the court DISMISSES the petition [D.E. 1] and DENIES petitioner's motions and requests [D.E. 3–6]. The court also DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED. This 27 day of November, 2024.

                                                JAMES C. DEVER III
                                                United States District Judge